UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE HIPSAVER COMPANY, INC., )
                            )
          Plaintiff,        )
                            )
     v.                     )  CIVIL ACTION NO. 05-10917-PBS
                            )
J.T. POSEY COMPANY,         )
                            )
          Defendant.        )

**ORDER**

June 6, 2007

Saris, U.S.D.J.

This order addresses certain outstanding issues raised by
Plaintiff HipSaver, Inc. ("HipSaver") and defendant J.T. Posey
Company ("Posey") at the pre-trial conference held on May 29,
2007.

First, under the settlement and principles of judicial
estoppel, Posey may not pursue its claim based on HipSaver's
allegedly false representations regarding the launderability and
durability of Posey's new hip protector product line introduced
in the fall of 2005. Posey admits that this product was under
development during the first litigation, and came to market
shortly after the execution of the settlement agreement. See,
e.g., Zedner v. United States, 126 S. Ct. 1976, 1987 (2006)
(discussing judicial estoppel); see also Posey's Statement of
Uncontroverted Facts, ¶ 21 (admitting that representations

substantially similar to those challenged in the first litigation
but not addressed by the settlement agreement would be permitted
to continue). HipSaver's motion to exclude testimony of Posey's
launderability expert (Docket No. 243) is **ALLOWED**.

Next, Posey may introduce evidence at trial of HipSaver
president Edward Goodwin's knowledge regarding the continued
dissemination of the Garwood advertisements through 2003-2004 to
show that claims based on those ads are barred by the settlement
agreement.

Finally, with regard to damages, HipSaver may not, at this
stage of the proceedings, introduce any new evidence of its 2006
sales of its DermaSaver product. This evidence is untimely, and
would unfairly prejudice Posey.

PATTI B. SARIS
United States District Judge